## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILEY JONES <br> 120 Stardew Drive <br> Dingmans Ferry, PA 18328 <br>    Plaintiff, <br><br> v. <br><br> TXR GLOBAL TECHNOLOGY <br> SERVICES, INC. <br> 640 Allendale Road <br> King of Prussia, PA 19406 <br><br>    Defendant. | JURY DEMANDED <br><br> No. |

### CIVIL ACTION COMPLAINT

And now Plaintiff, WILEY JONES, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d, *et seq.*, have been violated and avers as follows:

### PARTIES

A. <u>The Plaintiff</u>

1.  Plaintiff, Wiley Jones ("Plaintiff") is an adult individual residing in Pike County at 120 Stardew Drive; Dingmans Ferry, PA 18328.

B. <u>The Defendant</u>

2.  Defendant, TXR Global Technology Services, Inc. ("TXR" or "Defendant") is a corporation that is headquartered and conducts business out of a facility in Montgomery County at 640 Allendale Road; King of Prussia, PA 19406.

1

3.	At all times, Defendant employed more than 15 individuals and met the statutory definition of an "employer" as defined by Title VII.

## JURISDICTION AND VENUE

4	This Complaint alleges discrimination and harassment on the basis of Plaintiff's status as an African-American, in violation of Title VII.

5.	This Complaint further alleges retaliation on the basis of Plaintiff's good faith complaint of racial discrimination, in violation of Title VII.

6.	Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.	This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8.	Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

9.	On or about September 22, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-05910 alleging discrimination and wrongful discharge from his employment due to the actions of Defendant.

10.	Plaintiff has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated January 28, 2021 (attached hereto as Exhibit "A").

11.     Plaintiff has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## OPERATIVE FACTS

12.     Defendant hired Plaintiff on January 6, 2020 to work as a foreman.

13.     Plaintiff is also African-American.

14.     During the course of his employment, Plaintiff experienced harassment on account of his race.

15.     For instance, on March 11, 2020 Construction Manager Jason Hankins, who is Caucasian, sent a text message to Plaintiff, Kenny Evans, and Dexter Jones, who is Plaintiff's brother and coworker. Plaintiff, Evans, and Jones are all African-American.

16.     This text message consisted of a picture image that read, "some have it, some don't." Hankins then wrote, "Just saying if you all work as hard as you run your mouths. Well.....Good morning by the way!"

17.     Believing that Hankins was harassing him, Evans, and his brother on account of their race, Jones forwarded the text message to supervisors Tower Services Installation Manager Tyler Thoms and Construction Manager Jason Graham.

18.     In response, Thoms simply told Plaintiff to not let Hankins' comments bother him and did not discipline/admonish Hankins.

19.     Nevertheless, Plaintiff performed exemplary work on Defendant's behalf. On May 20, 2020 Graham sent Plaintiff a text message in which Graham stated, "...just want to let u know [Thoms] and I like u in the foreman position and we will go to bat to get you a raise."

20. On or about May 28, 2020, Plaintiff's coworker Dina (last name unknown) approached Plaintiff and Jones. Dina was in a romantic relationship with supervisor Andres Widner. Dina began apologizing to Plaintiff and Jones about the manner in which Widner and Defendant had been treating them on account of their race.

21. On June 5, 2020 Thoms sent a text message to Plaintiff that described Plaintiff's work crew, which consisted solely of African-American employees, as, "they are going to be black and one is extremely ugly..."

22. This treatment continued until July 22, 2020 when Plaintiff worked alongside another work crew. That day Plaintiff and Jones left the worksite in the car of their Caucasian coworker Mike Rowe in order to get lunch. When Widner saw Plaintiff and Jones in Rowe's car, Widner remarked to Rowe, "that's a nice car you got, but you better be careful you've got black guys with you", or words to that effect.

23. Plaintiff complained about Andres' comment to Defendant's management – including Thoms and Graham.

24. In response to Plaintiff's complaint, Defendant convened a meeting between Plaintiff, Jones, Thoms and Graham. During this meeting, Thoms and Graham admitted that other employees previously complained about Widner's racist behavior. They indicated that Defendant never terminated Widner because the complaining employees always quit their job. However, Thoms, Graham, and Defendant's supervisory officials failed to take appropriate action in addressing Plaintiff's complaints.

25. The following day Plaintiff and Jones were assigned to work in a warehouse alongside Widner. When Widner saw Plaintiff, he became very irate and hostile and began to act

4

in an aggressive manner. Plaintiff emailed Defendant's management and notified them of Widner's behavior.

26. Around this time Defendant began withholding materials to Plaintiff and his work crew – thereby causing quality issues on the projects that Plaintiff supervised. Although Plaintiff requested that he and his crew be provided with proper support, Defendant failed to provide this support.

27. Defendant also subjected Plaintiff to heightened scrutiny and surveillance. For instance, Widner began videotaping Plaintiff and his Plaintiff's work crew performing work.

28. On August 12, 2020 Defendant terminated Plaintiff's employment.

29. While Defendant never explained to Plaintiff why he was being terminated, Plaintiff avers that Defendant terminated him on account of his race, or because he complained about racial harassment/discrimination.

## COUNT I
## TITLE VII - RACIAL DISCRIMINATION
### 42 U.S.C.A. § 2000e-2(a)

30. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

31. Plaintiff's status as being African-American places him in the protected class of race.

32. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

33. Plaintiff suffered disparate treatment by Defendant, as set forth above.

34. As such, Defendant's decision to subject Plaintiff to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

35. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

36. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

37. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT II
## TITLE VII - RETALIATION
## 42 U.S.C.A. § 2000e-2(a)

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. At set forth above, Plaintiff made complaints about racial discrimination and harassing conduct in workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

40. Defendant took adverse action against Plaintiff by terminating his employment.

41. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

42. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

43. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Forte has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

44. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

45. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

COUNT III
TITLE VII - HARASSMENT
42 U.S.C.A. § 2000e-2(a)

46. Plaintiff incorporates all foregoing allegations as if they are stated in this Count in full.

47. Plaintiff had to endure pervasive and regular harassment from his supervisors and co-workers.

48. This harassment by Plaintiff's managers and co-workers detrimentally affected Plaintiff.

49. This harassment was motivated by Plaintiff's race.

50. The harassment by Plaintiff's coworkers supervisors would detrimentally affect a reasonable person for all of the reason stated herein, as the harassment and its results would cause decreased wages, pain, lost wages, and embarrassment and humiliation to a reasonable person.

51. The harassment of Plaintiff by Defendant's employees was willful and intentional.

52. Despite Plaintiff complaining about these issues to his supervisors, no meaningful remedial action was taken with respect to the harassment.

53. This willful, intentional, and unlawful harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*.

COUNT IV
SECTION 1981 - DISCRIMINATION
42 U.S.C. § 1981

54. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

55. Defendant took adverse action against Plaintiff by unfairly and unequally curtailing his compensation on account of his race as well as creating a hostile work environment in an attempt to drive him from the company.

56. Plaintiff's status as being African-American places him in the protected class of race.

57. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to subject Plaintiff to adverse employment actions.

58. Plaintiff suffered disparate treatment by Defendant, as set forth above.

59. Defendant subjected Plaintiff to intentional discrimination based on his race. Specifically, Defendant's intentional discrimination was based on the fact that Plaintiff was born African-American.

60. Defendants' decision to harass Plaintiff and to subject him to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 1981.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

**WHEREFORE,** Plaintiff, Wiley Jones, demands judgment in his favor and against Defendant, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Attorneys' fees and costs of suit;

C. Punitive damages;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Brian M. Doyle (PA Id. 319475)
    **BRIAN M. DOYLE, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102
    Attorney for Plaintiff, Wiley Jones

Date: 2/24/2021

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S **§** 4904, relating to unsworn falsification to authorities.

02/24/2021

Date

```
Electronically Signed                              2021-02-24 15:33:42 UTC - 24.115.178.57
       Wiley Walter Jones Jr
AssureSign®                              df3e704e-60b9-4180-ad95-acd900fc3ac4
```

Wiley Jones